FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 DEC 16 A 9 42
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TRAVIS CHRISTOPHER GRADDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-071 |
| ) | (Formerly CR 106-007) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Travis Christopher Graddy, an inmate currently incarcerated at the Federal Correctional Institution in Coleman, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent has filed a "Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Motion." Petitioner has failed to respond to Respondent's motion,[1] and the Court therefore considers the motion unopposed. See Loc. R. 7.5. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** (doc. no. 4), that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1] When no response was filed, the Court specifically informed Petitioner of the consequences of failing to respond and provided him additional time to file any opposition. (Doc. no. 5).

## I. BACKGROUND

On January 11, 2006, Petitioner was indicted on the following charges: (1) possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). United States v. Graddy, CR 106-007, doc. no. 1 (S.D. Ga. Jan. 11, 2006) (hereinafter "CR 106-007"). Pursuant to a negotiated plea agreement, Petitioner pled guilty to the first and second counts on March 23, 2006. CR 106-007, doc. nos. 23-24. Petitioner's plea agreement contained a broad appeal waiver provision that stated in relevant part:

> [T]he defendant as a part of this agreement . . . expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . . [He] also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence or factual basis of the guilty plea entered pursuant to this agreement.
>
> Not withstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court imposes a sentence above the guideline range . . . .

Id., doc. no. 24, p. 5. At the Rule 11 colloquy, the Honorable Dudley H. Bowen, Jr., United States District Judge, explained to Petitioner that as part of his plea agreement he was waiving any right to appeal or file a habeas corpus petition to challenge the validity of his conviction. Id., doc no. 38, p. 11 (hereinafter "Rule 11 Transcript"). Judge Bowen went on to explain that Petitioner's waiver was a conditional one, in that if he decided to sentence

2

Petitioner above the range set forth in the United States Sentencing Guidelines, Petitioner would get his right to direct appeal back, but not his right to file a habeas corpus petition. Id. After summarizing the plea agreement, Judge Bowen asked Petitioner whether the summary of the agreement was consistent with Petitioner's understanding of it, to which Petitioner responded, "Yes, sir." Id. at 12-13. On June 11, 2007, Judge Bowen sentenced Petitioner to 84 months of imprisonment as to the first count and 60 months of imprisonment as to the second count, with the sentences to be served concurrently. Id., doc. no. 35. Consistent with his plea agreement, Petitioner did not appeal.

Petitioner has now filed his timely § 2255 motion, in which he prospectively seeks re-sentencing in his federal case in the event that he succeeds in having certain prior state convictions overturned. (Doc. no. 1, pp. 2-4). Respondent contends in its motion to dismiss that Petitioner's § 2255 motion should be dismissed because his collateral attack is barred by the appeal waiver contained in his plea agreement. The Court resolves the matter as follows.

## II. DISCUSSION

It is well-settled that a waiver of appeal[2] provision is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); Bushert, 997 F.2d at 1345. "To establish the waiver's validity, the [G]overnment must show either that (1) the district court specifically questioned the defendant about the provision

---

[2]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).

3

during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the Government meets this burden in the instant case, then Petitioner's claim prospectively seeking re-sentencing is barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).[3]

Here, Respondent has met its burden under Weaver in demonstrating the existence of a valid appeal waiver. As noted above, Judge Bowen summarized the plea agreement during the Rule 11 colloquy, with special reference to the appeal waiver provision. When asked whether he agreed with Judge Bowen's summary of the plea agreement and whether it was what had been agreed to, Petitioner responded affirmatively. Rule 11 Transcript, pp. 12-13. Petitioner would have the Court ignore the Rule 11 colloquy; however, "[s]olemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The record in the instant case demonstrates that Judge Bowen specifically questioned Petitioner about his appeal waiver and that Petitioner

---

[3]The Court is aware that even broad appeal waivers like Petitioner's cannot prevent collateral attacks "concerning certain subjects" such as ineffective assistance of counsel or the voluntariness of the plea itself. Bushert, 997 F.2d at 1350 n.17. However, as Petitioner does not claim in any way in his § 2255 motion that he received ineffective assistance of counsel or that his plea was involuntary, the Court need not consider these issues.

indicated he understood it. Thus, Petitioner's claim prospectively seeking re-sentencing is barred from review.[4]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** (doc. no. 4), that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 16th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]As noted in the Court's opening order, Petitioner's § 2255 motion is likely premature as his state court convictions have not been vacated. (Doc. no. 2, p. 1 n.1) (citing Johnson v. United States, 544 U.S. 295, 305) (2005). However, the Court need not consider this issue as any collateral attack is barred by Petitioner's valid appeal waiver.

5